HOLLAND & KNIGHT LLP
31 West 52nd Street
New York, NY 10019
(212) 513-3200
Michael J. Frevola, Esq.
michael.frevola@hklaw.com

Attorneys for Plaintiffs Michael Williamson, The Estate of Don C. Craft, Kirk O'Donnell, John
Lettow, Timothy McGinnis, Fred Newton, William Watson, Chris Hancock, Dale Schoeneman,
and International Deep Sea Survey, Inc.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MICHAEL WILLIAMSON, THE ESTATE OF DON C. CRAFT, KIRK O'DONNELL, JOHN LETTOW, TIMOTHY MCGINNIS, FRED NEWTON, WILLIAM WATSON, CHRIS HANCOCK, DALE SCHOENEMAN, and INTERNATIONAL DEEP SEA SURVEY, INC., <br><br> Plaintiffs, <br><br> v. <br><br> RECOVERY LIMITED PARTNERSHIP, COLUMBUS EXPLORATION, LLC, COLUMBUS-AMERICA DISCOVERY GROUP, INC. COLUMBUS EXPLORATION LIMITED PARTNERSHIP, OMNI ENGINEERING, INC. a/k/a OMNI ENGINEERING OF OHIO, INC., ECONOMIC ZONE RESOURCE ASSOCIATES, INC., EZRA, INC. a/k/a EZRA OF OHIO, INC., ECON ENGINEERING ASSOCIATES, INC., DOE.E, INC., THOMAS G. THOMPSON, GILMAN D. KIRK, JR., JAMES F. TURNER, MICHAEL J. FORD, and W. ARTHUR CULLMAN, JR., <br><br> Defendants. | 11 Civ. <br><br> **DECLARATION OF MICHAEL J. FREVOLA, ESQ. PURSUANT TO 28 U.S.C. § 1746** <br><br><br> **SUBJECT TO SEALING ORDER — DO NOT DISSEMINATE** |

I, MICHAEL J. FREVOLA, declare under penalty of perjury as follows:

1.    I am a member of the firm of Holland & Knight LLP, attorneys for the Plaintiff in this matter. This Declaration is submitted in support of Plaintiff's *ex parte* motion to file the Summons, Verified Complaint, Rule 7.1 Statement, Order Directing Clerk to Issue Process of Maritime Attachment and Garnishment, Writ of Maritime Attachment and Garnishment, Order Appointing Process Server, supporting Affidavits, the Order of Sealing and this Declaration in support of the Order of Sealing, under seal, pursuant to Fed. R. Civ. P. Rule 5.2(d).

2.    This is an action to obtain a maritime attachment of the assets of Defendants Recovery Limited Partnership ("RLP"), Columbus Exploration, LLC ("CXLLC"), Columbus-America Discovery Group, Inc. ("CADG"), Columbus Exploration Limited Partnership ("CXLP"), Omni Engineering, Inc. a/k/a Omni Engineering of Ohio, Inc. ("Omni"), Economic Zone Resource Associates, Inc. a/k/a Economic Zone Resource Associates, Ltd. ("Economic Zone"), EZRA, Inc. a/k/a EZRA of Ohio, Inc., Econ Engineering Associates, Inc. ("Econ"), DOE.E, Inc., Thomas G. Thompson ("Thompson"), Gilman D. Kirk, Jr. ("Kirk"), James F. Turner ("Turner"), Michael J. Ford ("Ford"), and W. Arthur Cullman, Jr. ("Cullman") (collectively "Defendants"), pursuant to Supplemental Rule B of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions.

3.    As explained in the Verified Complaint, this proceeding is an ancillary security proceeding to the primary litigation pending before the Honorable Edmund A. Sargus, United States District Judge, in the United States District Court for the Southern District of Ohio. In that proceeding, a Stipulated Protective Order (Doc. #172) endorsed by U.S. Magistrate Judge Terence P. Kemp on February 6, 2007 (the "Protective Order") has been issued regarding the

dissemination of certain materials produced, filed, or otherwise created in connection with that proceeding. I annex as Exhibit 1 a copy of that Protective Order.

4.      As the Protective Order recites, parties to the Protective Order may designate certain materials as being subject to certain confidentiality standards, with Highly Confidential being the highest level of confidentiality and allowing only attorneys eyes review.

5.      As the Verified Complaint recites, in the original New York Rule B Proceeding filed in 2006, Judge Swain vacated the attachment order against certain of the Defendants not directly liable to Plaintiffs because Plaintiffs had not provided sufficient supporting information to convince Judge Swain that allowing the attachment order to stand against those Defendants was justified on the current state of the record.

6.      The new Verified Complaint, which Plaintiffs intend to file, includes significantly more information supporting the Plaintiffs' allegations against these Defendants. Some of this supporting documentation – such as deposition transcripts and exhibits – contain portions which have been designated as "highly confidential" by the Defendants.

7.      In cases where exhibits to the Verified Complaint are documents from the Ohio proceeding which have been designated (in part) subject to the Protective Order, I have only annexed portions to the Verified Complaint which I believe to be undesignated by either party as confidential. For example, two of these documents are Exhibits 30 (the deposition transcript of Individual Defendant Gilman D. Kirk, Jr. dated September 18, 2008) and 31 (an exhibit introduced during the deposition of Steven Alexander). As can be seen by reviewing Exhibit 30, it contains the filing data from the Ohio proceeding showing that it is publicly available on the

3

Southern District of Ohio's ECF system (Doc. #362-3). I likewise confirmed that the portions cited are not designated as confidential by confirming that other portions of the Kirk deposition transcript filed in the ECF does have redacted materials, showing that the confidential portions have in fact been redacted from the publicly-filed document. I similarly confirmed that the Alexander exhibit (Doc. #362-2, pages 107-112) is publicly available on the Southern District of Ohio ECF system.

8. While I do not personally consider any of the information contained in the Verified Complaint or its exhibits to warrant sealing protection, if these documents are filed publicly at the outset there is a substantial risk that the Defendants in this case will attempt to claim that Plaintiffs and/or I personally have violated the Protective Order. By providing a temporary sealing order until the Defendants have a chance to appear and be heard, this should alleviate any issue in this regard (and relieve this Court from the burden of motion practice associated with Defendants' claim that Plaintiffs have acted improperly).

9. My concerns in this regard are based on prior incidents. Public filing of the Verified Complaint before the Defendants can be heard on the issue likely will lead Defendants to make further unfair competition and similar claims against Plaintiffs. Such claims already have been lodged against Plaintiffs in the Ohio proceedings based on the alleged harm done to Defendants as the result of a Rule B attachment proceeding (referenced in the Verified Complaint) that was brought by Plaintiffs in Los Angeles in 2006.

10. To ensure that Defendants cannot contend that their rights have been infringed, I respectfully submit that it likewise would be helpful if the Court would direct that only the Order of Attachment, Writ of Attachment and Garnishment, and the Order Directing Appointment of

4

Substitute Process Servers be served upon the garnishees. The usual basis for serving additional documents, such as the Verified Complaint, Summons, and Affidavit in Support of Attachment Order, is to ensure that the defendant receives notice of the nature of the proceeding and the supporting papers after an attachment of property has occurred. Here, as the Southern District of New York's Local Rules require prompt notice of attachments to be provided by the plaintiff after the plaintiff is notified by the garnishee of an attachment, I will be sending the entire group of filed documents to Defendants as soon as an attachment is reported by a garnishee. In fact, in the last New York Rule B Proceeding, we also filed notices on the docket of the Ohio proceeding to make sure that Judge Sargus was aware of these attachments as well.

I declare under penalty of perjury that the foregoing is true and correct.

Executed at New York, New York on March 22, 2011.

_____

Michael J. Frevola

#10205979_v1

5

# EXHIBIT 1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

MICHAEL WILLIAMSON,
et al.

Plaintiffs,

CASE NO. C2-06-292

v.

JUDGE EDMUND A. SARGUS, JR.

RECOVERY LIMITED
PARTNERSHIP, et al.

MAGISTRATE JUDGE TERENCE P. KEMP

Defendants

## STIPULATED PROTECTIVE ORDER

Pursuant to Rule 26(C) of the Federal Rules of Civil Procedure and the stipulation of the

parties, the Court enters this Protective Order. It is hereby ORDERED THAT:

1.    Designation of Protected Material

      1.1    Any party may designate any documents, answers to written

discovery, deposition testimony, exhibits, or other information

produced by that party through discovery proceedings herein or in

connection with this proceeding as Confidential Information

("CONFIDENTIAL LEVEL 1") or as Highly Confidential

Information ("CONFIDENTIAL LEVEL 2" ). Any

"CONFIDENTIAL LEVEL 1" or "CONFIDENTIAL LEVEL 2"

information (collectively referred to as "Protected Material") so

designated may only be used in connection with these proceedings

-1-

and shall not be disclosed or utilized in any other respect, except as may be otherwise provided for in this Protective Order.

(a)    A party may designate as "CONFIDENTIAL LEVEL 1" or "CONFIDENTIAL LEVEL 2" any information, document or thing that the party in good faith believes to contain confidential information within the meaning of Fed. R. Civ.P. 26(c)(7) or other provisions of the applicable law used by it in, or pertaining to, its business and that is not generally known, and which that party would not normally reveal to third parties or, if disclosed, would require such third parties to maintain in confidence.

(b)    A party may designate as "CONFIDENTIAL LEVEL 2" such materials as the party in good faith believes to contain particularly sensitive technical, marketing, financial or other information relating to research for and/or production of undersea exploration technology; sensitive financial information; marketing, promotional and/or sales information, such as marketing plans, techniques, strategies, and/or forecasts, customer and vendor lists, pricing data, cost data, customer orders, and computer quotations; membership and/or information; information commonly recognized in the industry as confidential; information regarding the location and/or nature of items discovered by the designating party; any pending or abandoned patent applications, foreign or domestic; confidential formulae and/or processes; and/or such

-2-

other documents, information, or materials that relate to any other proprietary information that the designating party in good faith believes is of such nature and character that disclosure of such information would be harmful to the designating party.

1.2     The following information shall **not** be designated or protected under this Protective Order:

(a)     Information that is in the public domain at the time of disclosure, including, by way of example only, patent file histories, publicly available prior art publications, catalogs and other advertising materials, press releases, and publicly-filed financial statements; provided, however, that the mere fact that certain information or material has been asserted by a publication (e.g. media articles) without having been denied or confirmed by the designating party shall not, by the mere fact of such publication, render such information or material "in the public domain;"

(b)     Information that at any time is made public through no act or omission caused or contributed to by a non-designating party; provided, however, that if the information has arguably been made public due to an unlawful act, the designating party may petition the Court for appropriate relief;

(c)     Information that the designating party has not undertaken with others to maintain in confidence and that is in the possession of or becomes available to the receiving party other than through this action, but

-3-

only if the receiving party can show by written documentation that the
information independently came into its rightful possession; or

(d)     Information that is independently developed by the receiving
party, as reflected by written documentation demonstrated to be in
existence prior to production by the party claiming confidentiality.

2.     Any "Confidential Level 1" or "Confidential Level 2" designation(s) shall be
without prejudice to the rights of any other party to object in writing to the designation as
unnecessary or improper. The challenging party, however, shall first use informal conciliation
attempts as provided in the Local Rules of this Court. If those attempts fail, then the challenging
party(ies) shall have the right to object in writing to the designating party(s) regarding the
propriety or impropriety of the designation(s). Such objections should be brief, precise and
specific, and may be filed in this case. Within ten days from receipt of the written objection, the
designating party must file a motion to seek a protective order from this Court or the designation
is no longer binding and the challenged document will not be protected or otherwise treated as
"Confidential Level 1" or "Confidential Level 2" in this action. The burdens of proof and
persuasion remain with the party(s) seeking the protective order, i.e. the burden of establishing
the appropriateness of the designation. The party claiming that information designated by the
other as confidential is in the public domain or otherwise within one of the exceptions set forth
in section 1.2 shall have the burden of proving such public knowledge or other applicable
exception under section 1.2. The Court, in its discretion, may determine whether it is
appropriate to hear evidence or other information pertaining to such issues *in camera* or
otherwise. Each party also has the right to apply for a further protective order if it believes

-4-

greater protection than that afforded herein is necessary for certain information to be produced. Assuming that the designating party timely files a motion for protective order after receipt of written objection, then the documents are to continue to be treated per the designation until there is a ruling from the Court.

        3.      The designation of the information as Confidential Level 1or Confidential Level 2 for purposes of this order shall be made as follows:

        (a)      In the case of documents, written discovery responses, answers to interrogatories, or other written materials (apart from depositions, transcripts thereof and exhibits thereto), by stamping each page of such "Confidential Level 1 Information" with "Confidential Level 1" or "Confidential Level 1, Subject to Protective Order," or some similar or comparable designation; or by stamping each page of such "Confidential Level 2" with "Confidential Level 2" or "Confidential Level 2, Subject to Protective Order," or some similar or comparable designation.

        (b)      In the case of depositions, the transcript thereof, and exhibits thereto, by a statement on the record by counsel for the party making the disclosure at the time of such disclosure and specifying the category of confidentiality as well as precisely and specifically identifying the topics that are covered by the designation.

        (c)      For purposes of designations, information designated as "Confidential" shall be treated as "Confidential Level 1" unless and until a different designation is made by the designating party.

-5-

4.      Whenever any Confidential Level 1 or  Confidential Level 2 is disclosed or used at a deposition, (i) each portion of any such testimony in which the Confidential Level 1 or Confidential Level 2 is disclosed or used shall be conducted with only those persons in attendance who are authorized under this Protective Order to have access to such Confidential Level 1 or Confidential Level 2 Information; (ii) the transcript of the confidential portion and all confidential exhibits shall be bound separately after transcription, marked "Confidential – Subject to Protective Order," (or comparable language), and shall thereafter be deemed to be fully subject to the provisions of this Protective Order; and (iii) the confidential transcript and confidential exhibits shall not be filed with this Court except in accordance with Paragraph 5 of this Protective Order.

5.      Any Confidential Level 1 or Confidential Level 2 filed with the Court (including, without limitation, any such material which is revealed by, referred to, summarized in, or attached to any pleadings, affidavits, briefs or memoranda) (i) shall be filed in a sealed envelope bearing a conspicuous notice that the envelope contains "Confidential Level 1" or "Confidential Level 2" not to be displayed or revealed except to the attorneys of record in the case, and for Confidential Level 1 information, their clients and Court personnel without Order of the Court, and (ii) shall not become a part of the public record of this action, except pursuant to further Order of the Court.

6.      "Confidential Level 1 Information" may be disclosed by the parties hereto and their counsel only to the following persons:

                (a)     The Court at any pretrial, trial, or post-trial stage of this action, either *in camera*, or in a sealed envelope, or under such other safeguards as the Court may

-6-

require in order for "Confidential Level 1 Information" to be used or introduced at any pretrial, trial, or post-trial hearing herein;

(b)     The counsel for the parties in this action actually working on this action (including attorneys who are officers or employees of a party and who are acting purely in a legal and not a business capacity with respect to this action) and paralegals, legal assistants, and secretaries of such counsel actually working on this action;

(c)     Court reporters recording proceedings in this action;

(d)     Any expert(s) consulted or retained to assist in the analysis or preparation of the case, or to testify, who is designated in writing by any party; and any jury or trial consultants, mock jurors, or employees of the jury or trial consultants, provided, however, that the designating party may ask for further protection if such expert is believed in good faith to be in actual or potential competition with the designating party;

(e)     Employees of copy services, trial graphics services, translation services, and/or vendors engaged by counsel for processing electronic information; and

(f)     Any person who is indicated on the face of a document to have been an author, addressee, or copy recipient of the document.

(g)     No more than five directors, officers, employees or other representatives of a party designated as having responsibility for making business decisions dealing directly with the resolution of this action;

(h)     Witnesses during the course of a deposition.

7.     "Confidential Level 2 Information" may be disclosed by the parties hereto and
their counsel only to the following persons:

(a)     The Court at any pretrial, trial or post-trial stage of this action, either *in
camera*, or in a sealed envelope, or under such other safeguards as the Court may
require in order for "Confidential Level 2 Information" to be used or introduced
at any pretrial, trial or post-trial hearing herein;

(b)     Counsel for the parties in this action actually working on this action
(including attorneys who are officers or employees of a party and who are acting
purely in a legal and not a business capacity with respect to this action) and
paralegals, legal assistants, and secretaries of such counsel actually working on
this action;

(c)     Court reporters recording proceedings in this action;

(d)     Any expert(s) consulted or retained to assist in the analysis or preparation
of the case, or to testify, who is designated in writing by any party; and any jury
or trial consultants, mock jurors, or employees of the jury or trial consultants;
provided, however, that the designating party may ask for further protection if
such expert is believed in good faith to be in actual or potential competition with
the designating party;

(e)     Employees of copy services, trial graphics services, translation services,
and/or vendors engaged by counsel for processing electronic information; and

(f)     Any person who is indicated on the face of a document to have been an
author, addressee, or copy recipient of the document; and

    (g)     Witnesses during the course of a deposition.

    (h)     Nothing in §7 is intended to preclude an application to the Court to allow limited disclosure of Confidential Level 2 information to a party where the Court first determines that some form of disclosure is necessary either to refute the designation, or to rebut factual allegations made by the designating party, or to limit the category of persons to whom such information is disclosed if the Court first determines that the facts and circumstances so warrant.

8.     Prior to receiving any Protected Material, any persons described in sections (b), (d), or (e) and (g) of paragraph 6 or 7 above shall be furnished with a copy of this Protective Order and shall execute a copy of the "Agreement to Abide by Protective Order" attached hereto as Attachment A. A copy of such signed Agreement shall be maintained by counsel for the party providing such access.

9.     Exhibits containing "Confidential Level 1 Information" or "Confidential Level 2 Information" may be offered into evidence provided the proponent of the evidence gives notice of the intention to offer such information at the time the Court requires the parties to identify their hearing exhibits or trial exhibits. Any party who objects to the use of such protected materials as exhibits must promptly file or orally make a motion or objection with the Court and while that motion or objection is pending, the designated material shall continue to be treated confidentially per this Protective Order.

10.     Within thirty days after the conclusion of the proceedings in this action, including any settlement, appeals or retrials, all "Confidential Level 1" or "Confidential Level 2

-9-

Information" shall be returned to the producing party, and any copies or extracts thereof, or documents containing information taken therefrom, shall also be returned to the producing party. Counsel for the receiving parties shall give the producing party a written statement that all such information (and copies or extracts thereof) have been returned. Each party's outside counsel shall have the right to retain one copy of the pleadings; of motions, memoranda, orders, documents and papers filed with the Court; of deposition or hearing or trial transcripts and exhibits; and of any documents constituting work product.

11.     This Protective Order may be construed or modified by the Court, on application of any party or on its own initiative, to insure that adjudication of all issues may be had in the light of all relevant material facts without publishing or otherwise destroying the value of any "Confidential Level 1 Information," or "Confidential Level 2 Information" except to the extent such publication or destruction cannot be avoided by the Court in the performance of its duties. This Protective Order is not intended to and shall not benefit or be invoked by persons or entities not a party to this lawsuit, unless and until such third parties either agree to be bound by this Protective Order or are ordered by the Court to be bound by it.

12.     The provisions of this Protective Order shall continue to be binding upon all parties and their counsel in this action until the conclusion of this action. The Court retains jurisdiction over the parties and their counsel and all persons who have received Confidential Level 1 or Confidential Level 2 Information for enforcement of the provisions of this Protective Order following the conclusion of this action.

13.     If Protected Material in the possession of any receiving party is subpoenaed by any court, administrative or legislative body, or by any other person purporting to have authority to subpoena such information, or is the subject of any discovery request under Rules 30-36 of the

-10-

Federal Rules of Civil Procedure or any comparable rule of court or of any adjudicative body,

such subpoena or discovery request (all of which are collectively referred to as a "Third Party

Request" herein) the party to whom the Third Party Request is directed (1) will not produce such

information without first giving written notice (including a copy of the Third Party Request) to

the attorneys of record for the producing party, at least ten days prior to the return date of the

Third Party Request (unless the Third Party Request's return date provides less than ten days, in

which event the party to whom the Third Party Request is directed shall give immediate notice

by facsimile of the receipt of such Third Party Request and shall use its best efforts to obtain

time to provide notice as herein required based on this Order until the designating party shall

have had a reasonable opportunity to intervene, should it choose to do so); and (2) will furnish a

copy of this Order to both the person originating the Third Party Request and the court,

legislative body, or other governmental agency responsible for enforcing the Third Party

Request, with a statement that the information has been designated as "Confidential Level 1" or

"Confidential Level 2" pursuant to this Order. Disclosure of information in response to a

properly issued Third Party Request shall not constitute a violation of this Protective Order

provided that the party responding to the Third Party Request shall have strictly complied with

all material terms of this Order.

      14.     Inadvertent Disclosure

              14.1    If a party inadvertently discloses any document or thing containing

information that it deems to be CONFIDENTIAL LEVEL 1 or

CONFIDENTIAL LEVEL 2 information without designating it pursuant

to this Protective Order, the disclosing party shall promptly upon

discovery of such inadvertent disclosure inform the receiving party in

-11-

writing, forwarding a replacement copy of the inadvertently disclosed material properly marked with the appropriate confidentiality designation. The receiving party shall thereafter treat the information as if it had been properly marked from the outset and shall make a reasonable effort to retrieve and destroy the unmarked version of the inadvertently disclosed material. Disclosure by the receiving party to unauthorized persons before being notified of that inadvertent disclosure shall not constitute a violation of this Protective Order. Nothing in this Protective Order shall preclude the receiving party from challenging the confidentiality designation of the late-marked material pursuant to the provisions of paragraph 2.

14.2    The inadvertent or mistaken production or disclosure of documents or other information subject to the attorney-client privilege, the work product doctrine, or other privilege shall not be deemed a waiver of a claim of privilege, either as to the specific information disclosed or as to any other related information. If a producing party inadvertently produces or otherwise discloses to a receiving party information that is subject to such privilege or immunity, the producing party shall promptly upon discovery of such disclosure so advise the receiving party in writing and request that the inadvertently disclosed information be returned. The receiving party shall return all copies of the inadvertently produced material within five business days of receipt of the request. Any notes or summaries referring or relating to any inadvertently produced privileged material shall be destroyed. Nothing in this Protective Order shall preclude the receiving

-12-

party returning the inadvertently produced material from seeking an order
compelling the production of information previously produced
inadvertently.

15.   Miscellaneous Provisions

    15.1   Treatment by counsel or the parties of information designated Confidential
Level 1 or Confidential Level 2 as designated shall not be construed as an
admission by any party that the designated information contains trade
secrets or other proprietary or confidential information.  Conversely,
failure to so designate shall not constitute a waiver of any party's claims,
either within or outside this action, that any such documents or
information do contain trade secrets or other proprietary or confidential
information.

    15.2   No party shall be obligated to challenge the propriety of any designation,
and failure to challenge a claim of confidentiality at the time of receipt
shall not constitute a waiver of the right to challenge a confidentiality
designation at any later time.

This order resolves the defendants' motion for a protective order (#80).

IT IS SO ORDERED.

                               /s/ Terence P. Kemp
                               United States Magistrate Judge

AGREED:

                               555 City Park Avenue
/s/ Richard T. Robol (per tel. authority)        Columbus, Ohio 43215
Richard T. Robol (0064345)                (614) 737-3739/(614) 737-3756
Robol Law Office, LPA                    Attorney for Defendants

Recovery Limited Partnership
and Columbus Exploration, LLC

/s/ Rex H. Elliott (per tel. authority)
Rex H. Elliott (0054054)
Charles H. Cooper (0037295)
Cooper & Elliott, LLC
2175 Riverside Drive
Columbus, Ohio 43221
(614) 481-6000/(614) 6001 (Fax)
Attorneys for Defendants
Thomas G. Thompson and
ECON Engineering Associates, Inc.

/s/ William M. Mattes (per tel. authority)
William M. Mattes (0040465)
Dinsmore & Shohl LLP
175 South Third Street, 10th Floor
Columbus, Ohio 43215-5134
(614) 628-6901/(614) 628-890 (Fax)


Attorney for Defendants
Gilman D. Kirk, James F. Turner, Michael
J. Ford and W. Arthur Cullman, Jr.

/s/ Michael R. Szolosi, Sr.
Michael R. Szolosi, Sr. (0022317)
TRIAL ATTORNEY
McNamara and McNamara, L.L.P.
88 East Broad Street, Suite 1250
Columbus, Ohio 43215
(614) 228-6131/(614) 228-6126 (Fax)
Email: mrs@mcnamaralaw.us
Attorney for Plaintiffs Michael Williamson,
Estate of Donald Craft, John Doering, Kirk
O'Donnell, Michael Grogan, John Lettow,
Timothy McGinnis, Fred Newton, William
Watson and International Deep Sea Survey,
Inc.

/s/ James T. Shirley, Jr. (per tel. authority)
James T. Shirley, Jr.
Michael Frevola
Holland & Knight LLP
195 Broadway, 24th Floor
New York, NY 10007-3189
(212) 513-3561/(212) 385-9010 (Fax)

-14-

# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | | |
|---|---|---|
| Michael H. Williamson, et al. | : | CASE NO. C2-06-292 |
| Plaintiffs, | : | Judge Sargus |
| v. | : | Magistrate Judge Kemp |
| Recovery Limited Partnership, et al. | : | (On removal from the Common Pleas Court of Franklin County, Ohio, Case |
| Defendants | : | No. 06 CVH 03-4469) |

| | | |
|---|---|---|
| The Dispatch Printing Company, et al., | : | Case No. C2-06-292 |
| Plaintiffs, | : | Judge Sargus |
| v. | : | Magistrate Judge Kemp |
| Recovery Limited Partnership, et al. | : | (On removal from the Common Pleas Court of Franklin County, Ohio, Case |
| Defendants | : | No. 05 CVH 04-4220) |

| | | |
|---|---|---|
| The Dispatch Printing Company, et al., | : | Case No. C2-06-292 |
| Plaintiffs, | : | Judge Sargus |
| v. | : | Magistrate Judge Kemp |
| Gilman D. Kirk, et al | : | (On removal from the Common Pleas Court of Franklin County, Ohio, Case |
| Defendants | : | No. 05 CVH 10-11795) |

## AGREEMENT TO BE BOUND BY PROTECTIVE ORDER

I, _____, hereby acknowledge that I have received a copy of

the Stipulated Protective Order in the above-captioned actions. I have read and understood the

-1-



Protective Order and agree to be bound by its provisions. I agree not to copy or use any CONFIDENTIAL LEVEL 1 or CONFIDENTIAL LEVEL 2 information that may be provided to me for any purpose other than in connection with my retention in connection with this action, and I agree not to reveal any such information to any person not authorized by this Protective Order.

I further acknowledge and understand that a violation of this Protective Order may subject me to the penalties of the Court, and I hereby submit to the jurisdiction of the United States District Court for the Southern District of Ohio, Eastern Division at Columbus in connection with any proceedings concerning enforcement of this Protective Order.

Dated: _____          _____